[Civ. No. 768.   Third Appellate District.—August 11, 1910.]

W. M. WATSON, Administrator, etc., Respondent, v. A. S. DINGLEY, Appellant.

APPEAL—NEW METHOD—NOTICE—FAILURE TO REQUEST OR FILE TRANSCRIPT IN TIME—DISMISSAL.—Where an appeal is taken under section 953a of the Code of Civil Procedure, though the notice of appeal need not be served, it is necessary that the appellant should file notice as required by that section, within ten days after notice of entry of the judgment, order or decree appealed from, requesting that a transcript of the testimony and all matters to which the same relate be made up and prepared, and where, after failure to request or file the transcript in time, appellant fails to appear, and it appears without conflict that no such notice was filed as required, the appeal must be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Stanislaus County.   L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

Will A. Dower, for Appellant.

Maddux & Maddux, for Respondent.

CHIPMAN, P. J.—Motion to dismiss defendant's appeal on the ground that appellant has failed to file a transcript of the record on appeal within the time prescribed by law and the rules of this court.

It appears from the certificate of the clerk that, on December 15, 1909, judgment was duly made and entered in favor of plaintiff and against defendant for the sum of $671.75 and $24.60 costs, and on that day notice of said decision was duly served and filed; on January 5, 1910, defendant served and filed notice of intention to move for a new trial, and on February 14, 1910, served and filed notice of appeal from the judgment in said action and an undertaking on appeal. It further appears that the proof of service of notice of appeal has been filed; no bill of exceptions or statement on motion for new trial has been left with the clerk to be delivered to the judge who tried the case, and no bill of exceptions or statement has been settled or filed, and the clerk has never

been requested by the defendant to certify to a transcript of the record.

The notice of motion to dismiss the appeal was filed July 1, 1910, of which due service was made.

It was not necessary for defendant to serve his notice of appeal, which was apparently taken under section 953a, Code of Civil Procedure, but it was necessary that he give notice, as required by that section, requesting "that a transcript of the testimony offered or taken . . . and all matters to which the same relate, be made up and prepared. Said notice must be filed within ten days after notice of entry of the judgment, order or decree."

Defendant makes no appearance here, and it appears without conflict that he failed to give the notice required by said section.

Under rule II, it becomes our duty to grant the motion. (*Union Lumber Co.* v. *Metropolis Construction Co.*, 13 Cal. App. 584, [110 Pac. 329].)

It is ordered that the appeal be dismissed.

Burnett, J., and Hart, J., concurred.