STATE EX REL. GNOSE, RELATOR, *v.* DISTRICT COURT
OF DEER LODGE COUNTY, RESPONDENT.

(No. 2,044.)

(Submitted February 28, 1904.   Decided March 31, 1904.)

*Judges—Disqualification—Change of Venue—Motion.*

Code of Civil Procedure, Section 615, as amended by the second extraordinary
session of the Eighth legislative assembly, is mandatory, and the district
court must change the venue in the cases prescribed, but only after a mo-
tion has been filed, and a showing made as required by the clause of the
section invoked.   The court cannot act of its own motion.

ON WRIT of review by the state on the relation of J. B.
Gnose, against the district court of Deer Lodge county, to re-
view an order of said court changing the venue in an action
wherein J. B. Gnose was plaintiff and Daniel James was de-
fendant.   Order annulled.

*Mr. W. H. Trippet,* and *Mr. Geo. B. Winston,* for Relator.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

An action was commenced in the district court of Deer Lodge
county by J. B. Gnose, plaintiff, against Daniel James, defend-
ant.   After issue was joined, the cause was set for trial.   There-
after, on the 28th day of January, 1904, the defendant in the
action filed an affidavit under the provisions of Subdivision 4
of Section 180 of the Code of Civil Procedure, as amended by
the Second extraordinary session of the Eighth legislative as-
sembly, stating that he had reason to believe and did believe
that he could not have a fair and impartial trial before the
Honorable Welling Napton, district judge of the Fourth ju-
dicial district, then presiding, by reason of the bias and preju-
dice of such judge.   A motion for a change of venue was not

made by either party, but the court, on its own motion, and over the objection of plaintiff, made an order changing the place of trial from the district court of Deer Lodge county to the district court of Lewis and Clarke county. Upon application, a writ of review was issued from this court to review the order.

The provisions for a change of venue in civil actions are found in Section 615 of the Code of Civil Procedure, as amended by the Second extraordinary session of the Eighth legislative assembly: "Sec. 615. The court or judge must on motion change the place of trial in the following cases." The four subdivisions of the section then specify the particular circumstances under which a party may be entitled to a change of venue. The provisions of that section are mandatory, and require the district court to change the venue, but only after a motion has been filed and a showing made as required by the particular subdivision of the section under which the change of venue is sought. The court cannot act of its own motion, for, while a party may have an absolute right to a change of venue, it is a right that he may waive, and the court is without authority to invoke the statute in his behalf. (*Miller* v. *Claflin,* 12 Colo. App. 192, 55 Pac. 201.) In attempting to change the venue in this instance, the district court exceeded its jurisdiction.

The order is annulled.

*Order annulled.*