STATE EX REL. JENKINS, RELATOR, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,204.)

(Submitted May 22, 1905.   Decided July 3, 1905.)

*Certiorari—Change of Venue—Disqualification of Judge— Notice—Jurisdiction.*

Disqualification of Judge—Affidavit—Notice.
   1.   Notice of the filing of an affidavit disqualifying a judge, under section 180 of the Code of Civil Procedure, as amended by Act of the Eighth Legislative Assembly, Second Extraordinary Session, 1903, page 9, need not be given to the adverse party.

Change of Venue—"Fair Trial Bill"—Calling in Another Judge of Same Court.
   2.   *Quaere:* After an affidavit disqualifying one judge of a court has been filed under the provisions of the "Fair Trial Bill," and a motion for change of venue made, as required by section 615 of the Code of Civil Procedure, as amended, may the disqualified judge call in another judge of the same court to try the cause?

Change of Venue—Disqualification of Judge—Vacation of Order—Jurisdiction.
   3.   Under Code of Civil Procedure, section 180, as amended by Acts of the Eighth Legislative Assembly, Second Extraordinary Session, 1903, page 9, providing that on the disqualification of a district judge by the filing of an affidavit provided for, his authority ceases except to arrange his calendar, invite in another judge, and change the venue if the judge invited fails to come within thirty days, where a judge, on being disqualified, changed the venue to another county, a judge of a different department of the same court had no jurisdiction to hear a motion to annul such order changing the place of trial.

Change of Venue—Notice.
   4.   Notice of motion for change of place of trial, under section 615 of the Code of Civil Procedure, as amended by Act of Eighth Legislative Assembly, Second Extraordinary Session, 1903, page 8, is not required to be given to the adverse party.

ORIGINAL application for writ of review by the state, on the relation of W. B. Jenkins, against the district court of the second judicial district and Hon. John B. McClernan, judge, to set aside an order changing the place of trial.    Order annulled.

*Messrs. Maury & Hogevoll,* for Relator.

*Mr. Peter Breen,* and *Mr. Jeremiah J. Lynch,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This cause comes before us upon the application of the relator for a writ of review.    The petitioner is the plaintiff in a certain suit instituted in the district court of the second judicial district, wherein John J. Quinn and others are the defendants.    Two of the defendants, after demurring to the complaint, answered, the answer being filed on the 1st day of December, 1904.    Some time in January, 1905, an affidavit dated on the 4th day thereof, disqualifying the Honorable Michael Donlan, judge of department 2 of the court, on the ground of bias and prejudice, under section 180 of the Code of Civil Procedure, as amended at the second extraordinary session of the Eighth Legislative Assembly (Laws 2d Extraordinary Session of 1903, p. 9), was filed; and on the 7th day of January, Judge Donlan, "having decided not to call in another judge, made and entered an order that the said cause be transferred to the district court in and for the county of Beaverhead. Thereafter the attorneys for the defendants, after notice, moved the court to annul and set aside the order which changed the place of trial, giving as the grounds of the motion (1) that no motion was made and filed by the plaintiff or defendants to change the place of trial in said action; (2) that the affidavit of disqualification was insufficient; and (3) that the plaintiff did not give the defendants' attorneys notice of his intention to ask for a change of venue in the said action.    On the 18th day

of January, the court, Honorable John B. McClernan presiding, after hearing said motion, ordered that the former order of the court, made by Judge Donlan, changing the place of trial to Beaverhead county, be vacated, and the same was then and there done.

The record in the case, having been certified to this court as by us directed, is now before us. It shows that the order changing the place of trial was made on "motion of counsel for plaintiff." Section 615 of the Code of Civil Procedure, as amended at the extraordinary session above referred to, provides, among other things, that the court or judge must *on motion* change the place of trial for certain reasons; among them appearing, in subdivision 4, disqualification of the judge. The filing of the affidavit provided for in section 180, as amended, disqualifies the judge mentioned in the affidavit. Under section 180, as amended, "a district judge may be disqualified by the filing of an affidavit provided for in subdivision 4 thereof. His authority with reference to the particular matter then ceases, except that he may arrange his calendar, invite in another judge to try the cause for him, or, if he invites another judge, who fails to come within thirty days after a motion for a change of venue is made, he still retains authority to change the place of trial. * * * No hearing is to be had upon the matter. The filing of the affidavit itself works the disqualification, and no purpose whatever could be served by giving notice. When the reason for the rule ceases, so does the rule itself." (*State ex rel. Anaconda Copper M. Co.* v. *Clancy, Judge, et al.,* 30 Mont. 529, 77 Pac. 312.) We therefore see that there is no reason why any notice should be given to the defendants of the making and filing of this affidavit, and that the district judge is disqualified upon the filing of the affidavit, and cannot do anything further in the premises except as above stated.

It does not appear that Judge McClernan was called in to department 2, where, presumably, under the rules of court adopted under the law for the disposition of business, this case

belonged.   The motion to vacate was referred to him in his own department by Judge Donlan.   The affidavit which we have in the record contains the allegations necessary under the statute, and nothing more could be done except to change the place of trial.   We are inclined to the belief that Judge Mc-Clernan could have been called in, in the discretion of Judge Donlan, to try the case, as well as and as properly as if he had been a judge of some other county; but he was not so called to try the case, and there was not any order made *transferring the cause* to the department over which Judge McClernan presides.   We are not at this time passing upon the question whether or not such an order might have been made lawfully under the "Fair Trial Bill."   The record shows that the motion required by section 615, as amended, for change of place of trial, was made.   Therefore the contention that no motion was made by plaintiff for such change cannot be sustained.

Defendants also complain, as above stated, that there was not any notice of the motion for the change given to them.   The law does not require any notice of such a motion.   Our statute (section 834 of the Code of Civil Procedure) provides: "After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given."   This, of course, should go without saying, for it amounts to saying that a man ought to have what he is entitled to, and that a thing must be done which must be done.   Section 1822 of the same Code states that, "when a written notice of a motion is necessary, it must be given five days before the appointed time for the hearing, if both parties reside in the county where the court is held, otherwise, ten days."   But, reading section 615, we do not find that any notice for change of place of the trial is required to be given at all, and we cannot find any provision in our Code requiring notice of such motion to be given.   The judge must change the place of trial upon the filing of the affidavit of disqualification, unless he, in his discretion, shall call in another judge, and even then if such judge do not appear within thirty days.

Under the facts above stated, it seems to us that Judge Mc-Clernan was acting entirely beyond his jurisdiction in vacating the order changing the place of trial, just as much as judge Donlan would have been doing if he had vacated the order, and therefore his action in making such order should be, and is hereby, annulled and set aside.

*Order annulled.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, having been absent when this matter was submitted, does not take part herein.