[Civ. No. 751.   Third Appellate District.—June 13, 1910.]

UNION LUMBER COMPANY, a Corporation, Respondent, v. METROPOLIS CONSTRUCTION COMPANY, a Corporation, Appellant.

APPEAL FROM JUDGMENT—DISMISSAL—FAILURE TO FILE TRANSCRIPT IN TIME—INSUFFICIENT EXCUSE—APPEAL FROM VENUE ORDER.—An appeal from the judgment must be dismissed for failure to file the transcript in the time limited by the rules of the court, if there is no unsettled statement or bill of exceptions that might be used directly on such appeal. It is an insufficient excuse to prevent such dismissal that an independent appeal is also pending from an order refusing to change the place of trial, and that there is an unsettled bill of exceptions thereon, and that appellant wishes to incorporate such appeal with the appeal from the judgment.

ID.—CONSTRUCTION OF RULE II—PENDENCY OF BILL OF EXCEPTIONS OR STATEMENT.—The bill of exceptions or statement of the case unsettled, allowing an excuse for delay in filing the transcript under rule II, is a bill or statement "which may be used in support of such appeal"—that is, the appeal from the judgment—and that rule does not refer to a bill of exceptions such as was prepared on a motion to change the place of trial.

ID.—SHOWING BY COUNTER-AFFIDAVIT — INSUFFICIENT GROUND FOR CHANGE OF VENUE—DEMAND AFTER RULING ON DEMURRER.—Where the counter-affidavit for respondent shows that the appellant failed to file his motion or demand or affidavit of merits for a change of the place of trial until after a demurrer filed to his complaint had been overruled, upon such showing he failed to comply with the statute, and his demand should be denied.

ID.—INSUFFICIENT SHOWING BY APPELLANT—PRESUMPTION OF INSUFFICIENT GROUNDS.—Where the grounds on which the change of the place of trial was moved for by the appellant do not appear, presumptively they were wholly insufficient and the motion properly denied, and it may be, as shown by respondent, that one of the grounds on which the court denied the motion was that the demand was not made in time.

MOTION to dismiss appeal from a judgment of the Superior Court of Yuba County.   Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

James W. Cochrane, for Appellant.

W. H. Carlin, for Respondent.

CHIPMAN, P. J.—Motion to dismiss the appeal from the judgment, "on the ground that no transcript on appeal in said action has ever been presented or filed in said appellate court and more than forty days have elapsed since the perfecting of such appeal."

The action was commenced in the superior court of Yuba county. It appears from the certificate of the clerk of said court that the said court, on February 17, 1910, duly made and entered its judgment in said action in favor of plaintiff and against the defendant for the sum of $1,796.66, which said judgment stands unsatisfied; thereafter, on March 7, 1910, said defendant served upon plaintiff and filed in the clerk's office the notice of appeal from said judgment to this court, and, on the same day, filed an undertaking on said appeal; that said superior court, on February 24, 1910, duly made and caused to be filed in the clerk's office of said court its findings and decision in said action, notice of which was on the same day duly served upon defendant; that no notice of intention to move for a new trial in said action has ever been filed in said office; that no stipulation or order granting any time for filing, preparing or serving any bill of exceptions, statement of the case or transcript in said action has ever been made, filed or entered therein, and no bill of exceptions or statement on said appeal has ever been filed in said action in the office of said clerk, or at all; that no motion for a new trial has ever been made, and no transcript on appeal has ever been certified by said clerk, or at all, nor has he been requested to certify to a correct or any transcript of the record on appeal, and no notice has ever been filed in said office by defendant and appellant in accordance with section 953a of the Code of Civil Procedure, or any notice in accordance with said section, or at all.

In a counter-affidavit, counsel for defendant does not controvert any of the facts above set forth, but deposes that after the commencement of said action, "to wit, at the time of the appearance of said defendant in said action," defendant served on plaintiff its demand for a change of the place of trial, from Yuba county to the city and county of San Francisco, together with an affidavit of merits; that thereafter, to wit, on January 26, 1910, said motion was denied;

that within sixty days thereafter defendant perfected its appeal from said order and prepared and served upon plaintiff its purported bill of exceptions to said order denying said motion, and on May 12, 1910, said bill was allowed and filed. It is further deposed, apparently to excuse the failure to file the transcript on appeal from the judgment, that it was the intention of counsel, upon leave being obtained from the court, to incorporate in the record of appeal from the order the record also constituting the transcript on appeal from the judgment. Defendant prays that the time within which to print, serve and file transcript on appeal from the judgment be extended fifteen days from June 6, 1910, and that the record on both appeals be included in one transcript; or, if such leave be not granted, that the appeal from the judgment be dismissed without prejudice.

Counsel for plaintiff has filed an affidavit in reply to defendant's affidavit in which he denies that at the time of defendant's appearance defendant served upon plaintiff its demand for a change of the place of trial, and avers the fact to be that defendant did not serve and file its notice of said motion and affidavit of merits until after it had appeared in the action by demurrer and after said demurrer had been overruled.

Section 396, Code of Civil Procedure, requires the party desiring to move for a change of the place of trial to file an affidavit of merits, and demand in writing that the place of trial be had in the proper county, "at the time he answers or demurs." If his motion or demand is made after demurrer filed and overruled, he fails to comply with the statute and the demand should be denied.

Rule II provides that the appellant in a civil action shall within forty days after the appeal is perfected serve and file the printed transcript of the record. The rule sets forth certain facts which, if made to appear, will excuse non-compliance therewith. Here, however, appellant makes no showing that these facts exist, and respondent shows affirmatively, as provided in Rule VI, that they do not exist. The bill of exceptions and statement of the case referred to in rule II is a bill or statement "which may be used in support of such appeal," i. e., the appeal from the judgment, and does not refer to a bill of exceptions such as was prepared

on motion to change the place of trial. Appellant should have perfected its appeal from the judgment and filed its transcript in time, and not having done so the pending appeal from the order denying its motion for change of place of trial cannot avail it as an answer to the present motion.

Rule V provides that "if the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed upon motion, on notice given." The rule further provides that "if the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." Subdivision 5 of rule II provides for extending the time within which points and authorities must be filed, but no such provision is made as to the filing of the transcript of the record on appeal. Assuming, however, that the court, as seems to be implied in the case of *McCabe* v. *Healey,* 139 Cal. 30, [72 Pac. 359], upon sufficient showing, will relieve a party from his default in filing his points and authorities in time, will also relieve him from like default, on sufficient showing, in failing to file his transcript in time (a point not necessary to decide), there is here no showing whatever excusing defendant's failure. The judgment was rendered in February, 1910, and in March defendant served its notice of appeal. There is no showing that a transcript of the record on appeal from the judgment, or any bill of exceptions, or statement in support of such appeal, is in course of preparation, and no excuse is offered for defendant's failure to prepare such transcript.

The grounds on which the change of place of trial was moved do not appear, and presumptively they were wholly insufficient and the motion properly denied. Furthermore, as we have seen, it appears from the affidavit, in behalf of plaintiff, that the demand for a change of the place of trial was not made until after the demurrer was filed and overruled, and it may be that this was one ground on which the trial court denied the motion.

The appeal from the judgment is dismissed.

Hart, J., and Burnett, J., concurred.