STATE EX REL. LOHMAN, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 3,475.)

(Submitted May 7, 1914.   Decided May 26, 1914.)

[141 Pac. 659.]

*District Judges—Disqualification—Imputed Bias and Preju-
dice—Affidavit—Notice—Date—Change of Venue—To What
Court—Mandamus.*

District Judges—Disqualification—Affidavit—Notice.
  1.  A party filing a disqualifying affidavit or motion for change of
  venue, under amended section 6315 (Chap. 114, Laws 1909), need not
  give notice thereof to his adversary.
    [As to change of venue generally, see note in 74 Am. Dec. 241.]

Same—Affidavit—Date Immaterial.
  2.  The date of a disqualifying affidavit is immaterial.

Same—Power of Judges of Same District.
  3.  Where the business of a judicial district had been apportioned
  between the two judges thereof, under an agreement which did not
  confer on either exclusive control over any particular case from its
  inception to its conclusion, but provided that the judges should alter-
  nately hold terms of court in one of the counties comprising the
  district, leaving either judge with power to do anything in any case
  pending in that court which could properly be brought before it, one
  judge could settle the pleadings in a case and the other try it; and the
  fact that one heard a demurrer to a pleading did not divest the other
  of authority to try the case, or to order a change of venue on proper
  application being made therefor.
    [As to authority of successor to trial judge to pass upon motion for
    new trial, see notes in 7 Ann. Cas. 493; 10 Ann. Cas. 327.  See, also,
    note in Ann. Cas. 1914B, 1235.]

Same—Change of Venue—When Compulsory.
  4.  Where a district judge called in to try a case, because of the dis-
  qualification of the presiding judge, fails to appear and assume juris-
  diction within thirty days after filing of the motion for change of
  venue, the presiding judge must change the place of trial.

Same—Change of Venue—To What Court.
  5.  Where a district judge is disqualified for imputed bias, and the
  judge called in to sit in his place fails for thirty days after motion
  for change of venue has been filed to appear and assume jurisdiction
  of the case, the former must transfer it to the nearest district court
  of another judicial district.

Same—"Nearest District Court"—Definition.
  6.  The nearest district court to which a cause must be transferred
  under the circumstances adverted to in paragraph 5 above, *held* to be
  the court which can be reached by the shortest route in the usual mode
  of travel.

Original application for writ of mandate by the state, on the relation of A. S. Lohman, against the district court of the twelfth judicial district, in and for the county of Blaine, and Frank N. Utter, a judge thereof, to compel a transfer of a cause to another district court, because of the disqualification of said judge. Writ granted.

*Messrs. Norris & Hurd,* for Relator, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

*Messrs. O'Keefe & Kuhr,* for Respondents; *Mr. R. E. O'Keefe* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On August 26, 1913, A. S. Lohman commenced an action in the district court of the twelfth judicial district of Montana, in and for Blaine county, against the town of Chinook. A demurrer interposed by the defendant was submitted to the court, Judge Tattan presiding, and overruled, and an answer which brought the case to issue was then filed. On February 21, 1914, the court, Judge Utter presiding, set the cause for trial for March 21, at a term of the court to be presided over by Judge Utter. On February 28 plaintiff filed an affidavit disqualifying Judge Utter, and on March 2 an order was entered by the disqualified judge, calling Judge Tattan to try the case, which was then reset for April 9. On April 3 plaintiff called up before Judge Utter his motion for change of venue, which motion had been filed on February 28, but the court overruled it, and this proceeding was thereupon instituted. In his affidavit, after reciting the history of the case, the relator alleges that Judge Tattan did not appear in Blaine county or assume jurisdiction of the case of *Lohman* v. *Town of Chinook* for a period of thirty days after the motion for change of venue was filed, or at all. An alternative writ of mandate was issued, and upon the return Judge Utter, for himself and the court, presented an answer, in which he sets forth that, while

he and Judge Tattan are both judges of the twelfth judicial district, they have never apportioned the business between them, but have proceeded, by a sort of process of selection under which "each of said judges assumed to select and act in all cases which have not been theretofore selected by, or of which jurisdiction has not been assumed by, the other judge of said district"; that he never intentionally assumed jurisdiction in the case of *Lohman* v. *Town of Chinook*, but through inadvertence only he set it for trial; that by considering and passing upon the demurrer Judge Tattan had selected and apportioned to himself that case as a part of the business to be transacted by him while presiding in the court in Blaine county; that at the time this case was set for trial, and at the time he called Judge Tattan to try it, he was not aware that Judge Tattan had already assumed control over this case; that Judge Tattan has not been disqualified, and for the reason the cause is pending before Judge Tattan, he deemed himself without authority to grant the motion of the relator herein for a change of venue. Upon the hearing, certain records were introduced in evidence and the proceeding submitted for our determination.

Counsel for respondents have not submitted any briefs or written argument; but in the answer filed certain questions are sought to be raised, and these will be treated in their order.

1. It was not necessary for the plaintiff (this relator), when [1] he filed the disqualifying affidavit or the motion for change of venue under the provisions of section 6315, Revised Codes, as amended by Chapter 114, Laws of 1909, to give notice to his adversary. (*State ex rel. Jenkins* v. *District Court*, 32 Mont. 595, 81 Pac. 351.)

2. The date of the disqualifying affidavit is not of consequence. [2] It is the filing of the affidavit which *ipso facto* works the disqualification of the judge. (*Washoe Copper Co.* v. *Hickey*, 46 Mont. 363, 128 Pac. 584; *State ex rel. Goodman* v. *District Court*, 46 Mont. 492, 128 Pac. 913.)

3. Judge Utter's position that he was without authority to grant the motion for a change of venue is not well taken. The

evidence introduced discloses that the business of the twelfth
[3] judicial district has been apportioned between the two
judges by a stipulation entered into between them.   That ar-
rangement did not confer upon either exclusive control over
any particular case from its inception in court until its con-
clusion.   It provided that these judges should alternately hold
terms of court in Blaine county, and it left either judge with
authority to do any and everything, in any case pending in
that court, which could properly be brought before the court.
It clearly contemplated that one judge might settle the plead-
ings and the other try a given case.   The arrangement was ap-
parently satisfactory to both judges, and both are bound by
it until it is changed.   The fact that Judge Tattan heard the
demurrer did not operate to devest Judge Utter of authority
to try the cause, or to change the place of trial after he was
disqualified.   The district court of the twelfth judicial dis-
trict in and for Blaine county had jurisdiction of the case
of *Lohman* v. *Town of Chinook,* and while presiding in that
court Judge Utter had all the authority which is conferred
upon any district judge of this state.   He was bound to know
what proceedings had been taken in the case, and it is imma-
terial that the setting of the case by him was an act of inad-
vertence.   It was his duty to set it for trial if it was ready for
trial at a term at which he was to preside, and to try it unless
he was disqualified.   There is some conflict between the records
of the court made while Judge Utter was presiding therein and
his verified answer in this proceeding, but it is not of suffi-
cient consequence to deserve special attention.

4. When Judge Utter was disqualified by the filing of the
[4] affidavit, it was his duty to call in Judge Tattan to try
the cause (Chap. 114, Laws 1909, above), but as such invited
judge only, Judge Tattan could not be compelled to respond to
the invitation.   (*State ex rel. Anaconda C. Min. Co.* v. *Clancy,*
30 Mont. 529, 77 Pac. 312.)   If he failed to appear and as-
sume jurisdiction of the case within thirty days after the mo-
tion for change of venue was filed, then it became the duty
of Judge Utter to exercise the power still reserved to him by

the statute above, and change the place of trial. (Rev. Codes, sec. 6506; *State ex rel. Anaconda C. Min. Co.* v. *Clancy,* above; *State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac. 789.) Section 6506 above, and section 6315 as amended, are companion measures. Section 6506 provides the means by which a litigant may secure a speedy trial of his cause in the event the presiding judge is disqualified under the other section. (*State ex rel. Boston & Mont. etc. Co.* v. *Clancy,* 30 Mont. 193, 76 Pac. 10.) The amendment made to section 6315 by Chapter 114, Laws of 1909, did not affect the relationship of the two statutes. In *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869, this court said: "When a judge is disqualified in any cause for any of the reasons enumerated in 6315, *supra,* and a motion is made to transfer it, the moving party is entitled to have the transfer made, subject, however, to the proviso that, if a qualified judge is called to try it, and appears for that purpose, within thirty days, no transfer may be made. The motion is thus held suspended for this length of time."

5. Having determined that it was the duty of Judge Utter to change the venue of the case of *Lohman* v. *Town of Chinook,* the only remaining question suggested is: To what court should [5] it have been transferred? Section 6507 requires that the cause be transferred "to the nearest court where the like objection or cause for making the order does not exist, as follows: If in a district court, to another district court." This section is a general statute applicable to changes effected for any cause for which a change of venue may be had. Chapter 114, Laws of 1909, above, is a particular statute which, in so far as it deals with the subject "change of venue," provides that if the cause for the change is disqualification of the judge under the so-called fair trial law, then the case in which the disqualifying affidavit is filed shall be "transferred to a district judge of another judicial district of the state." Reading these several statutes together, and we think the intention of the legislature was that in a case where the presiding judge is disqualified for imputed bias, and the invited judge fails for

thirty days after motion for change of venue has been filed, to appear and assume jurisdiction of the case, it then becomes the duty of the presiding judge to transfer the cause to the nearest district court of another judicial district.

6. The authorities are quite unanimous in holding that the [6]  terms "nearest court" refer to the court which can be reached by the shortest route of travel in the usual mode of travel.

Tested by these rules, the relator is entitled to the relief sought, and a peremptory writ will issue forthwith.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.