STATE EX REL. WILLIAMS, RELATRIX, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,499.)

(Submitted November 11, 1919.   Decided November 15, 1919.)

[185 Pac. 458.]

*Supervisory Control—Trial—Change of Venue—Waiver—Mail.*

Change of Venue—Waiver of Privilege.
    1.  The right to have a cause tried in a particular county is a personal privilege which one may waive either expressly or by implication.
Same—Motion Papers—Failure to File in Time—Delay in Mail—Waiver.
    2.  Where, by reason of fault of the agency or means selected for transmitting the papers required by section 6505, Revised Codes, to be filed with the clerk of the district court, by the defendant seeking a change of place of trial, there is delay beyond the time therein prescribed for filing them, the privilege is lost by waiver.
Same—Case at Bar.
    3.  Section 6505, Revised Codes, declares that if defendant desires a change of venue, he must, at the time he appears and answers or demurs, do so in writing and file an affidavit of merits.   Defendant mailed his motion papers on the seventeenth of the month and a general demurrer on the eighteenth.   The demurrer was filed on the nineteenth, but the papers were not received by the clerk and filed until the twenty-first.   *Held,* under the rule above, that the right to a change of place of trial was waived by failure to file the papers in time.
    [As to proof of filing papers, see note in 15 Am. St. Rep. 297, 298.]

Original application by the State on the relation of Liza Williams for writ of supervisory control against the District Court of the Second Judicial District in and for Silver Bow County, and E. M. Lamb, a Judge thereof, praying for an annulment of an order granting motion for change of place of trial. Order annulled.

*Mr. Harry Meyer,* for Relatrix, submitted a brief and argued the cause orally.

*Messrs. Pease & Stephenson,* for Respondents; *Mr. Harold Pease* argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

The relator herein commenced an action for divorce against her husband, in Silver Bow county.   On July 19, the defendant

served and filed a general demurrer, and on the twenty-first day of the month filed notice of motion, demand and affidavits in support of an application to change the place of trial of said cause to the district court of Beaverhead county, alleged to be the county of defendant's residence.

It appears from the record before us that the defendant's [1-3] attorney mailed the papers with relation to the change of place of trial from Dillon on the seventeenth day of July, and the demurrer on the following day. For some reason which is not apparent from the record, but presumptively because of delay in the handling of the mail, the motion papers were not received by the clerk until the morning of the twenty-first, when they were filed in his office. The motion for change of place of trial was heard, and an order made granting the same. The relator has made application to this court, praying for the annulment and setting aside of said order.

The application for a change of place of trial is based upon section 6505 of our Code, as follows: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

The right to have a cause tried in a particular county is a personal privilege, which one may waive either expressly or by implication, and, in the absence of a timely application, the plaintiff is entitled to have the cause tried in the county of her residence. The statute requiring the motion to be made at the time of appearance and answer or demurrer is analogous to a statute of limitations, and where, by reason of fault of the agency or means selected for transmitting the papers, there is a delay beyond the statutory time for the filing thereof, the privilege is lost.

The order of the district court is annulled, and, it appearing that the papers have been filed in the district court of Beaver-

head county, it is directed that they be retransferred to Silver Bow county for further proceedings in said cause.

*Order annulled.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Cooper concur.