DANIELSON, RESPONDENT, *v.* DANIELSON, APPELLANT.

(No. 4,568.)

(Submitted November 5, 1921. Decided December 24, 1921.)

[203 Pac. 506.]

*Change of Venue—Divorce—Motion Necessary—Defendant's Residence — Waiver of Right — Pleadings — Complaint — Amendment—Answer—Judgment by Default.*

Change of Venue—Defendant's Residence—Motion Necessary.
　1. Since the district court can only act upon motion in the matter of changing the place of trial, it is the duty of defendant desiring a change of venue on the ground that the county in which the action was brought was not the county of his residence, under section 6506, Revised Codes, to make a motion to that effect, the demand for such change referred to in section 6505 not supplying the place of such motion.

Same—Complaint Silent as to Defendant's Residence—Duty of Movant.
　2. Where the complaint does not disclose the place of defendant's residence, the burden is upon him, if he desires a change of venue to the county of his residence, to make known the fact that he is a resident of such latter county.

Same—Duty of Defendant to Present Evidence of Residence—Time—Waiver.
　3. One seeking to change the place of trial to the county of his residence must present his motion and the evidence of his residence, at the time of first appearance when the answer or demurrer

is filed; if not so presented at that time his right to a change of venue is waived.

Pleadings—Complaint—Amendment Without Leave of Court—Effect. ·
4. An amended complaint filed after answer and without leave of court first obtained may be stricken from the files upon motion of defendant, but if not so stricken the irregularity will be deemed cured.

Same—Complaint—Amendment—Failure to Plead Anew—When not Cause for Default.
5. Where the answer to the original complaint puts in issue the material allegations of the complaint as amended, the defendant may rely upon his answer and his failure to plead to the amended complaint does not subject him to default.

Pleadings — Failure to Plead to Amended Complaint — When Default Proper.
6. Where the amended complaint in an action for ·divorce added a new count, the allegations of which were not denied by the answer to the original complaint, it was incumbent upon defendant to answer or demur anew, failing in which his default was properly entered.

Judgment by Default—When Vacation Improper.
7. A case in which judgment by default has been entered should not be opened unless it is made to appear *prima facie* that the judgment as it stands is unjust.

*Appeals from District Court, Phillips County; H. C. Hall, Judge.*

ACTION by Anna Danielson against David Danielson. From a judgment for plaintiff and an order denying a motion to vacate the judgment, defendant appeals. Affirmed.

*Mr. T. F. McCue* and *Mr. W. S. Lauder,* for Appellant, submitted a brief; *Mr. McCue* argued the cause orally.

*Mr. Fred C. Gabriel,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted in the district court of Phillips county. The original complaint was filed August 5, 1919, and set forth a cause of action for divorce upon the ground of willful neglect. On September 18, defendant filed his answer and a demand in writing that the venue be changed to Teton county. On September 26 plaintiff served an amended com-

plaint and on the day following filed it. On September 27 defendant gave notice that on October 10 he would move the court for a change of venue upon the grounds set forth in certain affidavits then filed. The court minutes for October 11 recite that the motion was denied, and on November 6 the default of the defendant was entered for failure to answer the amended complaint. On the same day evidence was heard, and on November 7 a decree of divorce was rendered and entered. On November 19 a motion was made to vacate the judgment and set aside the default, but this motion was overruled, and defendant appealed from the judgment and from the order refusing to vacate it.

1. Error is predicated upon the refusal of the court to change the venue. Section 6505, Revised Codes, reads as follows: ''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.'' The only ground for change of venue suggested by defendant is that he is a resident of Teton county, and was at the time this action was commenced.

Section 6505 merely confers jurisdiction to try the cause [1–3] if a change of venue is not demanded. Section 6506 enumerates the causes for which a change of venue may be had, the first of which is, ''when the county designated in the complaint is not the proper county.'' These sections are companion statutes, and must be construed together. If the complaint does not disclose the place of defendant's residence, the burden is upon the defendant himself to make known the fact that he is a resident of a county other than the one in which the action was commenced, if he would secure a change of venue upon the first ground mentioned in section 6506. (*Greenleaf* v. *Jacks,* 133 Cal. 506, 65 Pac. 1039.) But disclosing his place of residence alone is not sufficient. He must also make a motion for the change. Under the express terms of section 6506 the court

can act only "upon motion," and cannot change the place of trial *sua sponte.* (*State ex rel. Gnose* v. *District Court,* 30 Mont. 188, 75 Pac. 1109.)

When section 6505 is read in connection with section 6506 it becomes apparent that the evidence of defendant's residence and the motion for change of venue must be presented at the time of first appearance when the answer or demurrer is filed (*State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Cook* v. *Pendergast,* 61 Cal. 72; *Wadleigh* v. *Phelps,* 147 Cal. 541, 82 Pac. 200; *Union Lumber Co.* v. *Metropolis Constr. Co.,* 13 Cal. App. 584, 110 Pac. 329), and, if not presented at that time, the right to a change of venue is waived (*State ex rel. Williams* v. *District Court,* 56 Mont. 478, 185 Pac. 458).

It may be conceded, for the purposes of this case, that the fact that defendant is not a resident of the county in which the action is commenced may be shown by the complaint, the answer, the affidavit of merits, or a separate affidavit filed for that particular purpose. In this instance neither the complaint nor the answer refers to the defendant's place of residence. There was not any affidavit filed at the time defendant first appeared, and there was therefore nothing before the court at that time to indicate that the action had not been commenced in the proper county. The demand for a change of venue is not any evidence of the place of defendant's residence. It need not be verified and in the usual course of practice is signed by the attorney.

The notice of motion for a change of venue was not filed until nine days after defendant answered, and so far as disclosed by the record the motion itself was not made until October 10, nearly a month after defendant's first appearance. The demand referred to in section 6505 does not supply the place of the motion required by section 6506. (*Bohn* v. *Bohn,* 164 Cal. 532, 129 Pac. 981; *Holt* v. *Warf,* 33 Idaho, 350, 194 Pac. 475.) The right to a change of venue is purely statutory, and can be asserted successfully only by one who brings him-

self within the statute. (*Powell* v. *Sutro*, 80 Cal. 559, 22 Pac. 308.)

In the absence of a motion and a proper showing made seasonably that the action was not commenced in the proper county, the court did not err in refusing to change the venue.

2. The record does not show that the amended complaint was [4, 5] filed by leave of court, and, since the plaintiff was not entitled to amend as a matter of right under section 6588, Revised Codes, counsel for defendant insist that the amended complaint did not perform the function of a pleading, and therefore did not require an answer. It is the rule that an amended complaint, filed after answer and without leave of court first obtained, is subject to be stricken from the files on motion of the defendant. (*Meredith* v. *Roman*, 49 Mont. 204, 141 Pac. 643.) But if it is not stricken and the court thereafter recognizes it, the irregularity will be deemed cured (31 Cyc. 368), and this should be the rule in this jurisdiction where amendments are allowed with the utmost liberality. But counsel for defendant contend that by reason of the fact that the answer to the original complaint was on file, the court was without authority to enter the default, and *Gettings* v. *Buchanan*, 17 Mont. 581, 44 Pac. 77, is cited in support of the contention. In that case this court held, in effect, that if the answer to the original complaint puts in issue the material allegations of the amended complaint to such extent that plaintiff is not entitled to relief upon the matters alleged and not denied, defendant may rely upon his answer, and his failure to plead further will not subject him to default. This appears to be the general rule in the absence of any statute to the contrary. (31 Cyc. 460.)

We need not stop to consider to what extent, if at all, the rule above was modified by the enactment of section 6537, Revised Codes, for defendant did not bring himself within the rule of the *Gettings Case* or the rule of the later statute. The [6] amended complaint added another count—a charge of extreme cruelty—and none of the allegations of this count are denied by the answer, so that it was possible for plaintiff to

abandon the charge of willful neglect and secure all the relief she demanded upon the allegations which were not put in issue. It is the general rule that when a material amendment is made to the complaint, the defendant must answer or demur anew. This is the meaning of our statute, section 6537 above. (*Hansen* v. *Goodrich,* 56 Mont. 140, 181 Pac. 739.)

Every consideration of expediency and justice is opposed to [7] opening up a case in which judgment by default has been entered, unless it is made to appear *prima facie* that the judgment as it stands is unjust. (*Donnelly* v. *Clark,* 6 Mont. 135, 9 Pac. 887.) Defendant failed to avail himself of the opportunity to present his defense, if any he had, and cannot now complain.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

Rehearing denied January 16, 1922.