O'HANION, APPELLANT, *v.* GREAT NORTHERN RAILWAY CO., RESPONDENT.

(No. 5,889.)

(Submitted March 23, 1926. Decided April 5, 1926.)

[245 Pac. 518.]

*Change of Venue—Statutory Requirements Imperative—Mode of Procedure—Liberal Construction of Statute—Affidavit of Merits — Supplemental Affidavit Permissible — Waiver — Judicial Notice.*

Change of Venue—Right may be Waived, How.
   1. A defendant may waive his right to the privilege of a change of venue by omitting to demand the right or by failing to observe the statutory requirements.
Tort Actions—Venue.
   2. An action sounding in tort is triable properly in the county where the tort was committed.

1. See 27 R. C. L. 783.
2. Venue of tort actions, see notes in 22 Am. St. Rep. 24; 70 L. R. A. 543.

[76 Mont. 128.]

Change of Venue—Statutory Requirements Imperative.
3.  A defendant seeking a change of place of trial under sections 9097 and 9098, Revised Codes of 1921, must, first, file an affidavit of merits and a demand in writing; second, apply to or move the court for an order changing the place of trial; in the absence of an agreement of the parties, these requirements are indispensable and imperative.

Same—Court can Act Only on Motion.
4.  Since the district court in the matter of changing the place of trial cannot act *sua sponte* but only upon motion, the filing of an application for the change is ineffective in the absence of a motion that the court grant the order.

Same—Mode of Procedure.
5.  A motion for a change of place of trial must be made upon notice to the plaintiff, unless such notice is waived; it need not be filed simultaneously with the affidavit of merits and demand but must be served and filed within a reasonable time thereafter—the movant must proceed with diligence.

Same—Commendable Practice.
6.  *Held*, that it is commendable practice to file with the affidavit of merits and demand for a change of place of trial a notice of motion stating the grounds upon which the motion will be made, and also a written motion.

Evidence—Route of Main Line of Railroad—Judicial Notice.
7.  The court takes judicial notice that the main line of the Great Northern Railway does not run through Lewis and Clark county in the state of Montana but does run through Flathead county.

Change of Venue—Statute—Liberal Construction.
8.  The statute relating to change of venue should receive a liberal construction with a view to effect its object and to promote justice.

Same—Affidavit of Merits—Trial Court may Permit Amended or Supplemental Affidavit to be Filed.
9.  Since the district court in the exercise of a sound discretion may permit a defendant to amend his affidavit of merits on his application for a change of place of trial, it may as properly permit the filing of a supplemental affidavit showing that the place at which plaintiff was injured was in the county to which the venue was sought to be changed and not in the county in which the action was brought, a fact not disclosed by the complaint.

---

[1]  Venue, 40 **Cyc.**, p. 107, n. 52, 53; p. 124, n. 16; p. 125, n. 18; p. 141, n. 90.

[2]  Venue, 40 **Cyc.**, p. 107, n. 53 New.

[3]  Venue, 40 **Cyc.**, p. 141, n. 90.

[4–6]  Motions, 28 **Cyc.**, p. 4, n. 2; p. 6, n. 16; Venue, 40 **Cyc.**, p. 147, n. 58; p. 151, n. 3; p. 152, n. 14 New; p. 159, n. 97; p. 164, n. 46.

[7]  Evidence, 23 **C. J.**, sec. 1887, p. 89, n. 99.

[8]  Venue, 40 **Cyc.**, p. 117, n. 23.

[9]  Venue, 40 **Cyc.**, p. 159, n. 97.

3.  See 27 **R. C. L.** 819.

8.  See 27 **R. C. L.** 812.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

ACTION by Sarkis O'Hanion against the Great Northern Railway Company. From an order granting defendant's motion for change of venue, plaintiff appeals. Affirmed.

*Messrs. Maury & Brown,* and *Mr. C. A. Spaulding,* for Appellant, submitted a brief; *Mr. Spaulding* argued the cause orally.

When an application for change of venue is made, a motion for such a change must be filed in the cause when the defendant first appears. In other words, when the defendant files his demurrer, affidavit of merits and a demand for a change of place of trial, he must also then file a motion for a change of place of trial, and such motion cannot be filed at such later date as suits defendant's convenience. (*Danielson* v. *Danielson,* 62 Mont. 83, 203 Pac. 506; *State ex rel. Williams* v. *District Court,* 56 Mont. 478, 185 Pac. 458; *State ex rel. Interstate Lumber Co.,* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Union Lumber Co.* v. *Metropolis Const. Co.,* 13 Cal. App. 584, 110 Pac. 329.)

Respondent filed a demand in writing for a change of place of trial at the time of its first appearance, but did not then file a motion. This demand does not and cannot constitute a "motion," hence there was not a full compliance with the statute relating to change of venue. There must be filed at that time both a demand and a motion. (*Danielson* v. *Danielson, supra; Bohn* v. *Bohn,* 164 Cal. 532, 129 Pac. 981.) A defendant waives the right if he does not assert it as the statute requires. In the case at bar respondent did not file a motion for a change of place of trial until seven days after it had by demurrer appeared in the action. It accordingly failed to bring itself within the provisions of the statute and the rulings of this court, which alone could entitle it to a change of place of trial.

Where an affidavit of merits is filed at the time appearance is made, but which affidavit fails to set forth facts, showing that

the action has not been commenced in the proper county, can the party moving for such change of venue be permitted to seven days later file an affidavit showing such facts? The affidavit of merits filed by respondent at the time it made its appearance did not show where the tort was committed, nor did the complaint so show. The court, therefore, was not and could not be advised as to the existence of any ground for change of venue when the application therefor had been filed, nor was it so advised until respondent was permitted, over objection, to file a second affidavit on the twentieth day of October, 1925, twenty-two days after it had appeared in said cause. This is a practice which neither the statute nor the decisions of this court construing the same can possibly justify. (See *Danielson* v. *Danielson, supra.*).

*Mr. I. Parker Veazey, Jr., Mr. W. L. Clift* and *Mr. R. H. Glover,* for Respondent, submitted a brief; *Mr. Clift* argued the cause orally.

The motion, or notice of motion, for an order changing the place of trial, need not be filed or served when defendant first appears. (*State ex rel. Davis* v. *District Court,* 72 Mont. 56, 231 Pac. 395; *Lundy* v. *Lettunich,* 50 Cal. App. 451, 195 Pac. 451.)

Adequate showing was made that the action was not properly brought in Lewis and Clark county and that it should, therefore, be transferred to Flathead county, which is the proper county for the trial of the cause.

The affidavit of merits is not attacked as to its sufficiency as such, the contention of appellant being merely that the defendant should have furnished additional proof, by affidavit or otherwise, at the time it first appeared in the action, as to the place the accident in question happened. The affidavit is sufficient as an affidavit of merits. (*State ex rel. Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268; *Nolan* v. *McDuffie,* 125 Cal. 334, 58 Pac. 4.) Appellant complains because the trial court, in the exercise of a sound legal discretion, permitted defendant, during the course of the

argument on the motion to file a new affidavit. Instead of filing a separate affidavit, by leave of court, defendant might have asked for and obtained permission to file an amended "affidavit of merits," incorporating therein the same averments as are set forth in the affidavit filed, in which event no ground whatever for complaint would have been presented. No error was committed. (*State ex rel. Stephens* v. *District Court, supra; Jaques* v. *Owens,* 18 Cal. App. 114, 122 Pac. 430; *Winet* v. *Berryhill,* 55 Iowa, 411, 7 N. W. 681; *Rugenstein* v. *Ottenheimer,* 78 Or. 371, Ann. Cas. 1917E, 953, 152 Pac. 215; *Palmer* v. *Barclay,* 92 Cal. 199, 28 Pac. 226; *Nolan* v. *McDuffie,* 125 Cal. 334, 58 Pac. 4.)

Remedial statutes should be liberally construed in favor of the remedy, and rules of procedure are remedial in their nature. (*Buck* v. *City of Eureka,* 97 Cal. 135, 31 Pac. 845; *State ex rel. Wyman* v. *Superior Court,* 40 Wash. 443, 82 Pac. 875; *State ex rel. Allen* v. *Superior Court,* 9 Wash. 668, 38 Pac. 206.)

STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

Plaintiff appeals from an order of the district court of Lewis and Clark county granting defendant's motion for a change of venue of this action from Lewis and Clark to Flathead county.

The complaint was filed with the clerk of the district court of Lewis and Clark county on September 5, 1925. The action is grounded upon a personal injury alleged to have been received by plaintiff by reason of defendant's negligence, while plaintiff "was in the employ of defendant as a section laborer at Gravel Pit on defendant's main line of railroad between Seattle, Washington, and Minneapolis, Minnesota, within the state or district of Montana." Within time and after proper service upon counsel for plaintiff, the defendant filed a demurrer to the complaint and at the same time a demand for a change of place of trial and an affidavit in support thereof. The defendant demanded that the trial of the action be had in the county of Flathead "for the reason that Lewis and Clark county is not the proper county for the trial of said cause, it

appearing from the complaint filed therein that said action is founded on certain alleged acts of negligence occurring in Flathead county, damages being demanded  *  *  *  and none of the damages claimed arose out of any act or omission occurring elsewhere than in said Flathead county, Montana.'' Reference to the affidavit will be made later.

Thereafter and on October 5, 1925, the defendant served upon counsel for plaintiff, and filed with the clerk of the court, its notice of motion and written motion for a change of venue. The notice apprised plaintiff's counsel that defendant, upon October 20, 1925, at 1:30 o'clock P. M. of that day, at the courthouse in Helena, Montana, *etc.*, would move the court for an order changing the place of trial of the action from Lewis and Clark county to Flathead county ''on the ground that Lewis and Clark county is not the proper county for the trial of said cause, in accordance with the written motion, copy of which is hereto attached and herewith served upon you.''

Thereafter and on the twentieth day of October, 1925, the motion came on for hearing. During the argument counsel for defendant asked leave to, and over the objection of plaintiff, was permitted to file another affidavit in support of its demand for a change of place of trial. The sufficiency of the original affidavit was attacked because therein the defendant did not disclose in what county the alleged cause of action arose; this affidavit was made by Mr. Clift, one of the attorneys for the defendant, who, after setting forth why it was made by him, alleged the fact of the service of the summons and complaint upon the defendant, and that the facts surrounding the accident and the injuries alleged to have been sustained by the plaintiff as a result thereof, had been fully related to affiant by the agents, servants and employees of the defendant having personal knowledge of the occurrence ''and affiant verily believes that said defendant, through its agents, servants and employees, has fully and fairly stated the facts of the case to the affiant who believes and who has so informed defendant, its agents, servants and representatives, that it has a good and substantial defense on the merits of this action.'' The main pur-

pose of the affidavit filed upon October 20 was covered by the assertion "that the accident on which this suit is founded occurred at the Gravel Pit of this defendant situated near the town or station of Belton, Flathead county, Montana, on the twenty-ninth day of June, 1925, and that no accident occurred in which plaintiff sustained any injuries while in the service of the Great Northern Railway Company in Lewis and Clark county, Montana." After having taken the matter under advisement, the court made the order.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff, within the limitations of the statutes, may select any county he chooses for the trial of his action and to this choice the defendant must conform unless he seasonably moves for a change of place of trial. The word "moves" as here employed comprehends the things necessary to be done by the litigant to obtain an order of court directing the change.

A defendant may waive his right to the privilege of the [1]   change by omitting to demand the right or by failing to observe the statutory requirements. (Secs. 9097, 9098, R. C. 1921; *State ex rel. Williams* v. *District Court,* 56 Mont. 478, 185 Pac. 458; *Danielson* v. *Danielson,* 62 Mont. 83, 203 Pac. 506; *State ex rel. Davis* v. *District Court,* 72 Mont. 56, 231 Pac. 395.)

As this action sounds in tort it is triable properly in the [2]   county where the tort was committed. (*Dryer* v. *Director-General of Railroads,* 66 Mont. 298, 213 Pac. 210; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030.) Lewis and Clark is not that county but nevertheless the action may be tried there unless the defendant has availed itself of the statutory right to have the venue changed to the proper county.

The plaintiff contends that the defendant has waived its right to the change by failing to pursue the statutory requirements. His argument is based upon two grounds: (1) the defendant did not file with its written demand a "motion" for the change;

(2) the original affidavit was insufficient and the court erred in permitting another to be filed. As we shall demonstrate presently, neither of these grounds is tenable. The first not only is in the very teeth of the *Davis Case, supra,* but has its insecure basis upon a misconception of the meaning of the word "motion" as variously used in certain of our opinions to which we shall call attention presently. Preliminary to that it may be of advantage to examine the applicable statutes again.

"If the county in which the action is commenced is not the [3] proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant at the time he appears, answers, or demurs, files an affidavit of merits and demands in writing, that the trial be had in the proper county." (Sec. 9097, Rev. Codes 1921.) This section is not operative by itself; it is operative only in connection with the next section, 9098, which provides that the court or judge must, on motion, change the place of trial when the county designated in the complaint is not the proper county.

While section 9097 furnishes the basis for the motion it does [4-6] not supply the place of the motion. The filing of the affidavit and demand do not operate *ipso facto* to change the place of trial. The court can act only upon motion. (*State ex rel. Gnose* v. *District Court,* 30 Mont. 188, 75 Pac. 1109.) It "cannot change the place of trial *sua sponte.*" (*Danielson Case, supra; Davis Case, supra.*) The litigant seeking a change of place of trial under these sections must, first, file an affidavit of merits and a demand in writing; second, apply to the court for an order changing the place of trial. These movements, mentioned as first and second above, are distinct and separate; also indispensable and imperative, in the absence of an agreement of the parties. (Sec. 9102, Rev. Codes, 1921.)

California and Nevada have statutory provisions similar to our own and such seems to have been the consistent holding of the appellate courts of those states. In fact we took section 9097 and that portion of 9098 referred to above from California.

Now what is a motion? It must be admitted that the word probably is used oftener in its general than in its technical

sense.   One says he intends to make a motion for a continuance, or for a change of venue, or for a new trial.   He means that he intends to serve and file all the requisite papers and to go through the entire process necessary to procure the order he seeks.   Technically a motion is an application for an order; so says the statute.   (Sec. 9772, Rev. Codes 1921.)   "A motion is properly an application for a rule or order, made *viva voce* to a court or judge," said Mr. Justice Temple in *People* v. *Ah Sam*, 41 Cal. 650.   "The grounds of the motion are often required to be stated in writing, and filed.   In practice, the form of the application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion.   If nothing more were done, it would not be error in the court to entirely ignore the proceeding.   The attention of the court must be called to it.   The court must be moved to grant the order."   This language was quoted with approval by this court in *Wallace* v. *Lewis*, 9 Mont. 399, 24 Pac. 22, and has been followed consistently by the supreme court of California.   (See 18 Cal. Jur. 649, 650.)   *Wallace* v. *Lewis* has been followed in *Peters* v. *Vawter*, 10 Mont. 201, 25 Pac. 438, and *State ex rel. Davis* v. *District Court, supra.*

Notice of the motion is required.   The written motion, if one be filed, is not notice of the time and place when and where the movant will make application for the order.   If notice were not required the movant immediately after filing and serving his demand, affidavit of merits, and, let us say, written "motion," might immediately apply to the court for the order sought and obtain the same in the absence of his adversary, the adversary having no opportunity to be heard.

The matter, however, is not in doubt.   In *Bohn* v. *Bohn*, 164 Cal. 532, 129 Pac. 981, after a thorough consideration of the statutes identical with ours the supreme court held the motion for a change of place of trial must be made upon notice to the plaintiff.   (And see *Lundy* v. *Lettunich*, 50 Cal. App. 451, 195 Pac. 451.)   But one is not required to notify his adversary of the filing of an affidavit disqualifying a judge.   (*State ex rel. Jenkins* v. *District Court*, 32 Mont. 595, 81 Pac. 351; *State ex*

*rel. Lohman* v. *District Court,* 49 Mont. 247, 141 Pac. 659.)
The notice required is the one contemplated by section 1010
of the California Code of Civil Procedure which we borrowed—
section 9778, R. C. 1921.

When must the notice of motion be given? The precise point
was answered in *Lundy* v. *Lettunich, supra,* as follows: "So
far as the court is informed there is no decision holding that
the notice of motion must accompany the affidavit and demand.
They are entirely separate matters. Section 396 requires only
the demand and affidavit to be served and filed with the de-
murrer or answer. The motion could not be made at that time
unless notice under section 1003 were waived. The proceeding,
it is true, must be prosecuted with diligence. (*Cook* v. *Pender-
gast,* 61 Cal. 79.) The motion should be made at the earliest
opportunity. (*Parks* v. *Frear,* 9 Cal. 642; *Jones* v. *Frost,* 28
Cal. 246.) If it is made afterward the applicant must explain
any seeming lack of diligence on his part. (*Smith* v. *Pelton
Water Wheel Co.,* 151 Cal. 401, 90 Pac. 932, 1135.)"

As pointed out in the foregoing quotation, the motion cannot
be made at the time the demand and affidavit are filed unless
notice of the application is waived by the adversary, something
which in ordinary practice is not within contemplation. The
test is not what may be accomplished if the adversary consents
but what one must do if the adversary does not consent. With-
out the adversary's consent it is impossible to present the motion
at the time the demand for the change and affidavits in sup-
port of the demand are filed. This renders inevitable the con-
clusion that as a practical proposition the motion cannot be
made simultaneously with the affidavit and demand. In *State
ex rel. Davis* v. *District Court, supra,* we held that the notice
of motion need not be filed simultaneously with the affidavit and
demand though of course it must be served and filed within
a reasonable time thereafter; the movant must proceed with
diligence. In view of the foregoing authorities that holding
is unimpeachable. But it is urged that in so doing we over-
looked what was said in *State ex rel. Interstate Lumber Co.* v.
*District Court, supra, State ex rel. Williams* v. *District Court,*

*supra,* and *Danielson* v. *Danielson, supra.* In neither was the question here presented involved.

In the *Interstate Case* there was not any question as to the order in which the moving papers were filed, nor as to their sufficiency. The opinion does not show that the defendant filed any demand nor that a written motion was filed. From the papers now in the files we are not able to ascertain just what the moving papers were. In defendant's brief in that case it is said that when the defendant demurred he filed a written demand for a change of venue and affidavits in support thereof, no mention being made of a motion. The language apparently relied upon here by the defendant is: "The contention is made by counsel for the defendant court that a defendant in the particular action has the right to have his motion for a change of place of trial determined upon the condition in which the action is at the time he first appears therein. It is true that the motion, to be available on the ground that the action has not been commenced in the proper county, must be made by the defendant upon his first appearance. (Secs. 6505, Rev. Codes.)" From the foregoing it would seem clear that by the word "motion" the court simply referred to the moving papers mentioned in the statute referred to. The same may be said of the *Williams Case.* There the defendant appeared by general demurrer on July 19. Two days later the defendant filed notice of motion, demand and affidavits in support of an application for change of place of trial. The court said: "The statute requiring the motion to be made at the time of appearance and answer or demurrer is analogous to a statute of limitations, and where, by reason of fault of the agency or means selected for transmitting the papers, there is a delay beyond statutory time for the filing thereof, the privilege is lost."

In the *Danielson Case* the defendant on September 18 made appearance by filing an answer with which he filed a demand in writing that the place of trial be changed. Therewith he did not file an affidavit of merits. The change was urged upon the ground that the defendant was a resident of another county than that in which the action was commenced. The

first evidence of defendant's residence was contained in affidavits filed with the notice of motion, which was nine days after defendant's appearance. The court said: "When section 6505 is read in connection with section 6506 it becomes apparent that the evidence of defendant's residence and the motion for change of venue must be presented at the time of first appearance when the answer or demurrer is filed (*State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Cook* v. *Pendergast,* 61 Cal. 72; *Wadleigh* v. *Phelps,* 147 Cal. 541, 82 Pac. 200; *Union Lumber Co.* v. *Metropolis Constr. Co.,* 13 Cal. App. 584, 110 Pac. 329), and, if not presented at that time, the right to a change of venue is waived (*State ex rel. Williams* v. *District Court,* 56 Mont. 478, 185 Pac. 458.)" By the foregoing language the court did not intend to say that a notice of motion or written motion must needs be filed when the fundamental moving papers, written demand and affidavit of merits, are filed. The movant had not complied with the requirements of the statute; no affidavit of merits had been filed. While the statutes mentioned are complementary the movant must invoke the joint operation of the two to bring about the desired result.

The authorities cited in the foregoing quotation confirm our present observation: The *Interstate Case* is discussed above; in *Cook* v. *Pendergast, supra,* the court said, among other things, that section 396 of the Code of Civil Procedure of California "has changed the rule, if it ever was a rule, which required the motion, or notice of motion, in all cases to precede or accompany the answer or demurrer." *Wadleigh* v. *Phelps, supra,* says: "Where a party claims the right to a change of place of trial upon the ground that the county in which the action is begun is not the county of his residence and fails to make the demand for a change until after he has appeared and demurred, he thereby waives his right. Such demand and application must be made at the time of his first appearance, either by answer or demurrer." And in *Union Lumber Co.* v. *Metropolis Construction Co., supra,* the court

said: " 'Section 396 of the Code of Civil Procedure requires the party desiring to move for the change of the place of trial to file an affidavit of merits and demand in writing that the place of trial be had in the proper county, at the time he answers or demurs.' If his motion or demand is made after demurrer filed and overruled, he fails to comply with the statute and the demand should be denied."

Nevertheless, it is commendable practice to file with the demand and affidavit a notice of motion stating the grounds upon which the motion will be made, and also a written motion. Diligence being required the motion should be brought on for hearing as soon as the circumstances reasonably will permit; the movant must not be guilty of laches. (*State ex rel. Davis* v. *District Court,* supra.)

As will be remembered, the complaint alleged the accident to plaintiff occurred at Gravel Pit on defendant's main line of railroad between Seattle and Minneapolis, but within the state of Montana. The defendant demanded that the trial of the action "be had in the county of Flathead, state of Montana, for the reason that Lewis and Clark county is not the proper county for the trial of said cause, * * * ," damages being demanded for personal injuries "alleged to have been sustained by plaintiff while he was in the service of defendant as a section laborer in Flathead county, Montana, * * * ." The sufficiency of the affidavit of merits is challenged only upon the ground that the defendant did not state therein that the acts constituting the tort upon which the action is based occurred in Flathead county. Otherwise the affidavit seems to come within the rules laid down in *State ex rel. Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268. The objection lodged against this affidavit is technical. The plaintiff knew where the accident occurred, stated the time and place in his complaint, and from that document it is clear that the accident did not occur in Lewis and Clark county. [7] The court will take judicial notice that the main line of the Great Northern Railway does not run through Lewis and

Clark county but does run through Flathead county. (Jones, Commentaries on Evidence, sec. 127*c;* Elliott on Railroads, Commentaries on Evidence, sec. 127*c;* Elliott on Railroads, 3d ed., sec. 2698.)   But where is Gravel Pit?

Conceding for the sake of argument that it was necessary for the defendant to set forth in the affidavit of merits that Gravel Pit is in Flathead county and that the original affidavit was insufficient because of the omission of that allegation, was it error for the court to permit the supplemental affidavit to be filed? It must be conceded that the second affidavit was of a supplemental character. We have no doubt that the court properly might have permitted the original affidavit to be amended, as was done in *State ex rel. Stephens* v. *District Court, supra.* Statutes relating to changes of venue, like **[8]** others of a procedural nature, should receive a liberal construction,—indeed, all provisions under the Codes are to be liberally construed with a view to effect their object and to promote justice. (Sec. 4, Rev. Codes 1921; *Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154.) So too "the court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties." (Sec. 9121, Rev. Codes, 1921.)

That the court in the exercise of a sound discretion may al- **[9]** low an affidavit of merits to be amended has been recognized by the courts of California on many occasions. (*Palmer* v. *Barclay,* 92 Cal. App. 199, 28 Pac. 226; *Pittman* v. *Carstenbrook,* 11 Cal. App. 224, 104 Pac. 699; *Lundy* v. *Lettunich, supra; Jaques* v. *Owens,* 18 Cal. App. 114; 122 Pac. 430.) In *Palmer* v. *Barclay, supra,* it is said that the "trial court has power in the exercise of its discretion, to allow an insufficient affidavit of merits which has been filed in due time upon a motion to change the place of trial of an action to be amended after the time for filing the original affidavit has expired; and the filing of the amended affidavit relates back to the time of the filing of the original affidavit." This language was quoted and approved in *Jaques* v. *Owens, supra.*

The defendant, as a matter of right, is entitled to have this action tried in Flathead county unless it has waived that right by failing to demand a change of venue in accordance with the statutes. If in view of the failure of the complaint to state the county in which Gravel Pit is, it were to be held that it was essential to set forth in the affidavit of merits that Gravel Pit is in Flathead county, that fact could have been supplied by an amendment to the affidavit. Taking into consideration what this record discloses, can it be said that the court erred in permitting the supplemental affidavit to be filed? Must it be held that while the information could have been supplied by an amended, it could not be by a supplemental, affidavit? The questions answers itself.

The plaintiff did not offer to file a counter-affidavit and did not attempt to show in any way that as a matter of fact the accident did not occur in Flathead county. There is no showing, nor even an intimation, that any injury has been done to the plaintiff through the court's action.

We think the court exercised its discretion with wisdom and the order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.