STATE ex rel. SELL, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 3,880.)

(Submitted June 5, 1916.  Decided June 26, 1916.)

[158 Pac. 1018.]

*Certiorari — Return — Contents—District Judges—Disqualification—Fair Trial Law—Change of Venue—When Order Void.*

*Certiorari*—Return—Contents.
1.   Under section 7206, Revised Codes, recitals, denials, affirmative allegations or matters not copied from the records, or matters copied from the records but not called for by the writ of review, are out of place in the return, do not constitute any part of it, and will be disregarded.

[As to questions reviewable upon *certiorari*, see note in 40 Am. St. Rep. 29.]

District Judges—Fair Trial Law—Disqualification—Change of Venue—When Order Void.
2.   Under section 6315, as amended (Laws 1909, Chap. 114), a change of venue should not be ordered by a disqualified judge until after endeavor to secure another judge has failed, and then only pursuant to the provision of sections 6506 and 6507; hence an order of a district judge transferring a cause to another county, after an affidavit of disqualification had been filed against him, without observing the statutory requirements, was in excess of jurisdiction and void.

Original application for writ of review by the state, on the relation of Hattie Sell, against the District Court of the Tenth Judicial District in and for Fergus County and Roy E. Ayers, Judge thereof.  Order annulled.

*Mr. William Scallon* and *Mr. John A. Coleman,* for Relator.

*Messrs. Belden & De Kalb,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of the tenth judicial district, numbered therein 5462, and entitled *Bank of Fergus County* v. *Herman Sell and Hattie Sell,* an affidavit imputing bias and prejudice to Honorable Roy E. Ayers, the presiding judge, was filed by the defendant Hattie Sell. The court, Judge Ayers presiding, thereupon made an order transferring the cause to Cascade county, and this proceeding was instituted to have that order annulled. A writ of review was, issued and served. The paper presented as a return contains a copy of the order in question and certain recitals, one of' which is that the venue was changed upon the request of the attorneys for the plaintiff.

The practice in a proceeding of this character has been settled [1] by statute in this jurisdiction for more than fifty years, and ought to be understood by this time. A provision in substantially the same terms as section 7206, Revised Codes, was enacted by the first territorial legislative assembly in 1864 (Bannack Statutes, p. 121, sec. 375), and has been in force ever since. By its terms the writ of review commands the party to whom it is directed to certify to the court issuing the writ "a transcript of the records and proceedings," so far as necessary to obtain the review sought. The return cannot comprehend more or less. Recitals, denials, affirmative allegations or matters not copied from the records, or matters copied from the records, but not called for by the writ, are out of place in the return, and do not constitute any part of it. (*State ex rel. First Trust & Savings Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.) Disregarding, as we must, then, the recital above, and we have for consideration an order transferring a cause to another county, made by the court presided over by a judge disqualified for imputed bias or prejudice, and on the ground alone of such disqualification.

Section 6315, Revised Codes, as amended (Laws 1909, p. 161), [2] provides that, when an affidavit imputing bias or preju-

dice is filed, the judge as to whom such disqualification is averred shall be without authority to proceed further in the action, except to arrange the calendar, regulate the order of business, transfer the action to another court, or call in another judge to sit and act in such action. But this section, and sections 6506 and 6507, Revised Codes, are companion measures, and are to be construed together. (*State ex rel. Lohman* v. *District Court,* 49 Mont. 247, 141 Pac. 659.) When the affidavit imputing bias or prejudice was filed, a due consideration for the rights of the litigants should have prompted an immediate call upon another judge to preside in that case, and, if such invited judge failed to respond, another should have been called, unless a motion for change of venue was made pursuant to section 6506. When such a motion is made and the invited judge fails to appear and assume jurisdiction of the case within thirty days after the motion is filed, then an order for a change of venue may be made, provided the parties have been given an opportunity to agree upon another judge or a judge *pro tempore* and have failed. (Sec. 6506.) When the order for the change is to be made, the parties have the further right to an opportunity to agree upon the court to which the cause shall be transferred, and it is only after such opportunity has been accorded them and they have failed to agree that the court is authorized to make the change, and then only pursuant to the terms of section 6507. (*State ex rel. Carleton* v. *District Court,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac. 789.) The court is altogether without authority to change the place of trial until a motion for such change has been made by a party to the action. (Sec. 6506; *State ex rel. Gnose* v. *District Court,* 30 Mont. 188, 75 Pac. 1109.) In other words, a change of venue is the last resort under the so-called "Fair Trial Law."

The order transferring cause No. 5462 to Cascade county, made by the court *sua sponte* and without observing the requirements of the statutes referred to above, was in excess of jurisdiction and is annulled.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.