STATE EX REL. WOOSTER, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,623.)

(Submitted April 30, 1920. Decided May 10, 1920.)

[190 Pac. 133.]

*Certiorari—District Judges—Disqualification for Imputed Bias —Change of Venue—Record.*

District Judges—Disqualification for Imputed Bias—Statutes.
   1.  Section 6315, Revised Codes, as amended by Laws of 1909, Chapter 114, relative to the disqualification of a district judge for imputed bias, and sections 6506 and 6507, relative to change of venue after such disqualification has been effected, are companion measures and must be construed together.

Same—Change of Venue—Duty of Judge in District Having Two or More
Judges.
   2.   *Held,* on *certiorari,* that where an affidavit of disqualification for
   imputed bias was filed in a district having three judges, it was the
   duty of the judge to call in another judge of his district to preside,
   and he had no power to grant a change of venue until he had done so,
   and the called-in judge had failed to appear and assume jurisdiction
   for thirty days after the motion was made.

Same—Change of Venue—Record.
   3.   When a judge against whom an affidavit of disqualification for
   imputed bias has been filed grants an order changing the venue, an
   order, reciting that another judge had been called in and had failed
   for thirty days after filing of the motion to appear and assume juris-
   diction should be made and entered of record to the end that the pro-
   ceedings may be subject to review.

Original writ of review by the State, on the relation of
M. E. Wooster, against the District Court of the Fourth Judicial
District for the County of Ravalli, and R. Lee McCulloch, a
Judge thereof, to review an order changing the venue of an
action by M. E. Wooster against Henry A. Jones and others.
Order annulled.

   *Messrs. Madeen & Russell,* for Relator submitted a brief;
*Mr. Charles A. Russell* argued the cause orally.

   *Messrs. Hall & Pope,* for Respondents, submitted a brief;
*Mr. Walter L. Pope* argued the cause orally.

   MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

   On October 8, 1919, an amended complaint was filed in cause
No. 3299, then pending in the district court of Ravalli county,
wherein M. E. Wooster is plaintiff and Henry A. Jones and
others are defendants. Thereafter defendants, other than
Jones, appeared by demurrer and motion to strike, and defend-
ant Jones appeared by a general demurrer. On November 7
the plaintiff prepared and filed an affidavit, imputing bias
and prejudice to Honorable R. Lee McCulloch, the presiding
judge. On January 27, 1920, counsel for defendants, other
than defendant Jones, filed their motion for a change of venue
upon the ground that Judge McCulloch had been disqualified
by the filing of plaintiff's affidavit. On February 19, 1920,

defendant Jones filed an amended demurrer, and four days later plaintiff filed his motion to strike the amended demurrer from the files. On April 12, 1920, the motion for change of venue was granted, and the cause ordered to Powell county for trial. Upon application to this court a writ of review was issued, and the return made by the clerk of the court discloses the foregoing facts and none other.

The statutes providing for the disqualification of a district [1] judge for imputed bias (section 6315, Rev. Codes, and Chapter 114, Laws of 1909, amendatory thereof), and for change of venue after such disqualification has been effected (sections 6506, 6507, Rev. Codes) have been considered by this court in numerous cases. Chapter 114 above worked a substantial change in the law as it existed theretofore. The provisions of that Chapter and of section 6506 above are the only ones material to this controversy. These statutes are companion measures and are to be construed together. The case of *State ex rel. Anaconda C. Min. Co.* v. *Clancy*, 30 Mont. 529, 77 Pac. 312, was decided long before the amendment was made to section 6315 above, and much that was said in the opinion was rendered nonauthoritative by the amendment. Since 1909 the law upon the subject before us has been reasonably plain.

In the fourth judicial district there are three judges, so that, [2] immediately upon the affidavit of disqualification being filed, it became the duty of Judge McCulloch to call in another judge of that district to preside in the action (subd. 4, sec. 1, Chap. 114 above). It was likewise the privilege of the defendants, other than defendant Jones, to move for a change of venue, but it was not within the power of the court, Judge McCulloch presiding, to grant the motion until another judge of the district had been called in and had failed for thirty days after the motion was made to appear and assume jurisdiction of the cause (sec. 6506).

District courts are courts of record, and when the statute [3] commands a disqualified judge to call in another judge, it implies clearly that an order to that effect shall be made and

entered of record to the end that the proceedings may be subject to review. So likewise, when the court, the disqualified judge presiding, grants a motion for change of venue for disqualification of the judge for imputed bias, the statute implies that an order reciting that another judge has been called in and has failed for thirty days after the motion was filed to appear and assume jurisdiction, shall be made and entered of record. It does not appear from the record before us that another judge was ever called, or, if called, that he did not respond within thirty days after the motion for a change of venue was filed, and in the absence of any record disclosing that the statute was complied with, the court, Judge McCulloch presiding, exceeded its jurisdiction in granting the motion. (Chap. 114 above.) As said by this court in *State ex rel. Sell* v. *District Court,* 52 Mont. 457, 158 Pac. 1018: "A change of venue is the last resort under the so-called 'Fair Trial Law.' "

The observation in *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030: "And since the court below had jurisdiction to entertain and determine the motion, error in its conclusion was not such an excess of jurisdiction as to render either *certiorari* or prohibition available" —was made with reference to the power of a court to change the place of trial upon the ground that the defendant resided in another county and was served with process therein, and has no application here. The authority to change the venue on account of the disqualification of the judge for imputed bias is governed by special statute applicable to that subject alone.

The order of which complaint is made is annulled, and the clerk of the district court of Powell county is directed to return the files of the clerk of the district court of Ravalli county.

*Order annulled.*

Associate Justices Hurly, Matthews and Cooper concur.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.