## No. 14,190.

## MULVEY *v.* SAN JUAN METALS CORPORATION.
### (75 P. [2d] 1044)

Decided January 17, 1938.   Rehearing denied February 7, 1938.

2

Mr. ADDISON B. MANNING, Mr. OTTO FRIEDRICHS, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

REFERENCE herein will be made to plaintiff in error as defendant, and to defendant in error as plaintiff.

Alleging ownership, plaintiff filed its complaint against numerous named defendants, unknown defendants, and unknown persons, to quiet title to mining claims, alleging that they, without right, claimed an interest therein adverse to plaintiff. The substance of the specific allegations, being, that there are persons interested in the subject matter whose names are unknown, and that they claim such interest as owners, as beneficiaries under express or implied trusts, and as owners of an interest under purchase and sale contracts; that such persons

derive title and interest by unrecorded conveyances, contracts and other instruments of writing affecting the title to some part of the property as beneficiaries under express, implied or resulting trusts; as lessees or in some or any manner in which title to, or interest in the property can be derived. Prayer was to the end that defendants, and each of them, be required to set forth the nature of any claim they may have, that all adverse claims of defendants be determined, and that they be enjoined from asserting any claim adverse to plaintiff. Plaintiff then applied to the court for, and received, an order for publication of summons as against "all unknown persons who claim any interest in and to the subject matter of this action" and against other defendants not personally served. While the summons is not presented in the record, we assume, as stated, and not denied, that it was regular in form, and required all defendants to appear or judgment by default would be entered against them.

R. H. Channing, Jr., holder of the record title, and to whom the property was assessed as the owner, was named as a party defendant, and served by publication of the summons. Defendant Mulvey claimed that Channing held the legal title only, as trustee or agent for the true owners, and further that he on December 15, 1933, entered into an agreement with the true owners to the effect that when he had performed his part of the agreement, they, the owners, would cause Channing to execute a deed to him. He claimed that he had fully performed all the conditions of the agreement, and by reason thereof, that he has an interest superior to that of plaintiff.

In response to the publication of the summons of all unknown persons claiming an interest in the subject matter, defendant filed a demurrer for himself, Channing and the estate of Whitney, deceased. Later, counsel for defendant withdrew their appearance for Channing and the estate, also the demurrer. On September 6, 1935, the trial court ordered "that the defend-

4

ant George H. Mulvey, be granted twenty days in which to file his petition in intervention or otherwise plead to the complaint.'' The thirty day period expired Sunday, October 6, 1935, and on Monday morning, October 7th following, default was entered against Channing. On the noon mail October 7th, the clerk of the trial court received the answer of defendant and marked it filed as of 3 p. m. October 7, 1935. Counsel for plaintiff now insists that the answer was not filed until after the expiration of the period allowed therefor. We do not note any objection on this ground at the time, nor at any place in the record of the trial, hence it will not be noticed here.

The answer as filed is substantially the same as the statement of defendant's claim hereinabove set out. Plaintiff filed a motion to strike this answer upon the ground that the only right defendant had under the Code of Civil Procedure was to appear by petition in intervention, as it appears from the allegations of the answer that any interest he (defendant) might have, or claim, is derived from Channing, who was made a party defendant, and therefore his interest must be presented by formal intervention pleadings. The motion to strike was granted, exception of defendants entered, and fifteen days allowed him to present a petition in intervention if so advised, together with an application for leave to file same. Within the time allowed, defendant presented his application for leave to file a petition in intervention and tendered such petition with the application. The substance of the petition so filed is: That prior to the year 1933, defendant Channing was and still is the holder of the record legal title to 19 of the mining claims described in plaintiff's petition; that the property was and still is assessed to Channing on the assessment rolls of Ouray county; that Channing, while so holding the legal title, was in fact trustee or agent of the estate of Whitney, deceased, and one Crocker, both of New York City, and that the said estate and Crocker were and are predecessors in interest of petitioner; that December 15,

1933, petitioner entered into an agreement with the estate and Crocker, then the beneficial and equitable owners of the property and in possession thereof, whereby such owners agreed to convey to petitioner the legal and equitable title to the property involved, and cause a good and sufficient deed to be executed and delivered from Channing to petitioner, when petitioner had performed certain conditions of the agreement; that petitioner fully performed and now is the equitable owner of the property and entitled to the conveyance. To this petition in intervention, plaintiff filed a demurrer upon the grounds that it contains no allegations showing any title, either legal or equitable, nor any present interest in defendant; that the allegations as to defendant's interest consist only of legal conclusions; that the action as brought by plaintiff is not binding upon Mulvey (this defendant) because he is not named a defendant and is not a necessary party nor a proper party defendant. In sustaining plaintiff's demurrer to the petition of intervention, the court stated in substance that the petition did not set out the contract or attach same thereto as a part of the pleading, and did not plead the substance of the contract, according to its legal effect; that petitioner alleges that he has performed all conditions; that the court has no means of knowing whether this is true or not; that in the form alleged, the allegation of performance is a conclusion; that an allegation that one holds property as a trustee, that he owns the legal title to property, or is the owner of the equitable title, are all conclusions, unless the facts are set forth so that the court may know that such allegations are true; that the tendered petition contains no facts sufficient to warrant the court in permitting the petition to be filed.

During the time these various matters of pleading were pending before the court, the Whitney estate and Crocker caused defendant Channing to execute a conveyance to Mulvey in accordance with their agreement, which was delivered to him, he having succeeded to the

interest of the grantors, and on April 27, 1936, he filed a verified application for leave to file an amended petition in intervention, accompanying same with an amended petition in which he alleged, in substance, the additional change in the matter of the title as above mentioned. This application for leave to file was stricken upon motion of plaintiff on the ground that the application contained no new matter, was filed without authority, that no leave to file should be granted, and that the order of court is a complete bar to the application. On the same day and at the time of entering the order striking defendant's application and petition, the court entered its decree quieting title in plaintiff as against the defendants, both known and unknown, and including the property to which defendant claims title.

Error is assigned by defendant: (1) To the striking of his answer; (2) to the court's refusal to permit him to intervene; and (3) to the entering of a decree against him without affording him an opportunity to be heard.

Being of the opinion that the judgment must be reversed, and that it should be reversed upon the assignment that the court erred in striking defendant's answer, we are content thus to determine this controversy without a discussion of the other errors assigned, although they appear to be well taken.

This action is brought under section 275 of the Code, being section 275, chapter 22, of the Colorado Statutes Annotated, 1935, which is as follows: "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate therein adverse to him, for the purpose of determining such adverse claim, estate or interest." It is evident that it thereby was intended that all adverse claims of every kind or nature affecting title to realty are to be set at rest in one proceeding. To this end section 50, Colorado Code of Civil Procedure, provides that as to such persons as may be believed to have an interest in the subject matter of the action and whose

names are unknown to the petitioner, the court or any judge thereof in vacation shall make an order for publication of summons as to such unknown parties, directed to "All unknown persons who claim any interest in and to the subject-matter of this action," without further description of the unknown parties. One of the grounds for striking defendant's answer was that he was not a party. If he appeared in response to the published summons, he at once became a party as named and designated by the Code. It speaks of such persons in no other terms than as those who may be thus made parties to such actions. Regardless of what Mulvey's status might have been technically termed, he was a person before the court claiming an interest. He was not required to obtain leave to defend; he was summoned for that purpose. A summons was published, directed as much to him, if he appeared, as though he had been named therein. The command of the summons was that he appear and defend or judgment would be taken against him as on default. When defendant appeared and did the thing required, and as summoned, plaintiff, who was seeking to have all such interests as defendant claimed, adjudicated, at the same time contended that he had no right to appear and answer, but was required to do something different or follow some other procedure. The glaring inconsistency of plaintiff's position defeats the sincerity of its intentions. We do not pass upon, or enter into a discussion of, the sufficiency of defendant's answer, other than to say that it affirmatively appeared therefrom that he was claiming an interest, and that he should have been allowed to present proof in support of his claim. The answer could have been required to be made more specific, if necessary, by motion directed to that end. It was error to strike it and require defendant to intervene, and an attempted compliance by him with the court's order, did not constitute a waiver of his statutory right, as a party, to appear and answer.

The judgment therefore is reversed and the cause re-

8

manded with directions to set aside the decree and judgment as it affects defendant, and that he be given an opportunity, if so advised, to present his answer and be heard upon his claim.

Mr. Chief Justice Burke, Mr. Justice Hilliard and Mr. Justice Bakke concur.