STATE ex rel. COLEMAN, Relator, v. DISTRICT COURT
OF FIFTH DIST. IN AND FOR BEAVERHEAD COUNTY
ET AL., RESPONDENTS.

No. 8777

Submitted October 16, 1947. Decided October 30, 1947.

186 Pac. (2d) 91

Mr. Leonard A. Schulz, of Dillon, and Mr. H. L. Maury and Mr. A. G. Shone, both of Butte, for relator.

Mr. Lyman H. Bennett, pro se.

MR. JUSTICE CHOATE delivered the opinion of the Court.

This is an original proceeding in which the relatrix, Irene Coleman, seeks a peremptory writ of mandate requiring respondents to make an order calling in a district judge to sit and act in the case of Irene Coleman, Plaintiff, v. Union Pacific Railroad Company et al., Defendants, pending in the district court of the fifth judicial district of the state of Montana, in and for the county of Beaverhead, in the place of re-

spondent, the Hon. Lyman H. Bennett, disqualified, or to transfer the cause to a judge of another district.

An alternative writ and order to show cause has heretofore issued and hearing thereon has been had. The material facts briefly summarized are as follows:

(1) On October 11, 1946, plaintiff, Irene · Coleman, filed in the district court of the fifth judicial district of the state of Montana, in and for the county of Beaverhead, her complaint, in which she sought to recover damages from defendant, Union Pacific Railroad Company;

(2) On October 29, 1946, plaintiff filed her amended complaint joining C. L. Price and John Pilling as parties defendant;

(3) On October 30, 1946, defendant, Union Pacific Railroad Company filed its petition and tendered bond on removal of said cause to the United States district court, in and for the district of Montana. On November 4, 1946, an order was made by the respondent court removing said cause to the district court of the United States, in and for the district of Montana;

(4) On December 5, 1946, by order of the United States district court aforesaid, said cause was remanded to the above named state district court upon the grounds that the requisite diversity of citizenship did not exist. Certified copy of such order was filed in the respondent court on December 9, 1946;

(5) On December 24, 1946, an affidavit, executed by Lowndes Maury, one of the plaintiff's attorneys, disqualifying respondent Bennett, was filed in the said state district court on behalf of the plaintiff, Irene Coleman; and respondent judge has not called in any judge to preside in a plenary way over the trial or disposition of the cause, although the matter has been frequently called to his attention by plaintiff's counsel.

It is, we think, almost beyond controversy that the facts disclosed in relatrix' petition for writ of mandate entitle her to the relief sought. It has been almost ten months since her counsel filed the usual written affidavit of disqualification authorized by subdivision 4 of section 8868, Revised Codes of Mon-

tana 1935. The effect of the filing of that affidavit was to impose upon Judge Bennett the duty to call in another district judge to sit and act in the case and this obligation was not defeated by the fact that a disqualified judge retains the power to arrange his calendar and to regulate the order of business.

Of course, a district judge against whom an affidavit of disqualification for implied bias has been filed may take the time reasonably necessary to ascertain what other judge or judges may be available to preside in the case. He must, however, proceed in good faith and without unreasonable delay to call in another judge. As this court said in State ex rel. Sell v. District Court, 52 Mont. 457, 158 Pac. 1018, 1019: "When the affidavit imputing bias or prejudice was filed, a due consideration for the rights of the litigants should have prompted an immediate call upon another judge to preside in that case."

It is our opinion that on the facts presented in this proceeding, the ten months' time which has already elapsed since the filing of the affidavit of disqualification is far too long to sustain in the inference that in this case the trial judge has proceeded with reasonable dispatch to procure another judge to preside in the case following his disqualification.

We will now consider respondents' defenses:

(1) That the relatrix never authorized nor consented to the filing of the affidavit of disqualification of Judge Bennett nor to the institution of this proceeding. A sufficent answer to this contention is that relatrix herself has made affidavit in this proceeding that she *did* give such authorization to her counsel. Moreover, respondents cannot raise the question of the authority or want of authority of a legally licensed attorney to represent a client in the manner in which it is attempted to be raised herein. Section 8994, Revised Codes 1935, provides the procedure which may be followed on motion by either party to require the attorney of the adverse party to produce and prove the authority under which he appears. No attempt has been made in this proceeding to comply with the provisions of said

section. "It is well established in the courts of this country * * * that the appearance of a regularly admitted attorney at law is presumptive evidence of his authority to represent the person for whom he appears." Citing numerous authorities. 5 Am. Jur. "Attorneys at Law," sec. 80, p. 307.

(2) We do not find any merit in respondents' contention ██ ██ relating to Federal jurisdiction. The question of the removability of a suit from a state court to a Federal court is a matter exclusively and necessarily for cognizance by the Federal court. 45 Am. Jur. p. 939, sec. 185, states the law as follows: "To be removable, a suit must fall within the jurisdiction of the Federal court, and whether it does or not is a question which that court must necessarily determine for itself. Independently, therefore, of the action of the state court in granting or denying the application for removal of the suit, the Federal court to which it is taken will ascertain whether it has rightful jurisdiction and whether the requisite grounds of removal exist. It alone has power to pass conclusively on the question of removability and to determine all issues of fact upon which the removability depends. It is not concluded by the view of a state court as to what is a suit within the statute."

(3) That the affidavit of disqualifiaction was insufficient ██ because it was executed by Lowndes Maury, one of counsel for plaintiff, and recites that "*he* has reason to believe that plaintiff cannot have a fair trial," etc. The statute, sec. 8868, subdiv. 4. provides that the affidavit may be made by "any party to an action" "personally, or by his attorney or agent." When, as in this case, the attorney makes the affidavit, he must necessarily declare that *he* (not his client) has reason to believe and so forth. The above quoted provision of section 8868 was not intended to require an attorney to make what might be called a "second hand" affidavit as to what his client believes. When the attorney makes the affidavit he should make it on his own "belief" his client cannot have a fair trial.

Of course, under our statute no inquiry as to the truth or

██ falsity of the assertion of bias or prejudice can be permitted. State ex rel. Grogan v. District Court, 44 Mont. 72, 119 Pac. 174. The mere filing of the affidavit asserting such bias is all that is required. The affidavit of disqualification filed by counsel for plaintiff was sufficient to meet the requirements of the statute.

(4) Respondent district judge sets out in his answer that ██ he has been endeavoring to arrange a so-called "Disqualification Calendar" and that "when he was able to secure a judge who would accept jurisdiction *in conformity with the rules of the respondent court,* all matters properly included within such calendar would be assigned to said judge." In connection with this phase of the case respondents allege that the disqualification of respondent Bennett was "for the purpose of avoiding the rules of practice of the respondent court * * * and that this proceeding was attempted to be instituted for the same purpose." On the record before us we are in no situation to pass upon the merits, if any, of this contention. There is no evidence before us as to the contents of the rules of court in question and we cannot take judicial notice of the existence of the rules of the various district courts. Pincus v. Davis, 95 Mont. 375, 380, 26 Pac. (2d) 986, citing Middle States Oil Corporation v. Tanner-Jones Drilling Co., 73 Mont. 180, 235 Pac. 770.

But in any event and whatever may be the rules of the respondent district court, a judge against whom an affidavit of disqualification has been filed ought not to be permitted to delay for ten months the calling in of another judge to sit in the case simply because (as seems to be inferred by the language of respondents' return) he has not sooner been able to find a district judge who will accept such jurisdiction in conformity with the rules of his court, particularly when the statute gives the judge who is called in to preside in a case the same power in the premises as the judge had who called him. Hill v. Nelson

Coal Co., 40 Mont. 1, 5, 104 Pac. 876; Rowan v. Gazette Printing Co. et al., 69 Mont. 170, 174, 220 Pac. 1104.

(5) Propriety of Mandamus. It is well settled by the authorities that mandamus is the proper remedy upon facts such as are presented in this proceeding. 1 Bancroft's Code Practice and Remedies, sec. 592, p. 880, states the law as follows: "This [mandamus] is an appropriate remedy by which to compel a disqualified judge to perform a mandatory duty resting upon him to call in another judge or transfer the cause ,to another department or court." Citing a long array of cases in support of the rule above stated. We find no merit in the contention that mandamus will not lie for the reason that relatrix has a plain, speedy and adequate remedy by resorting to the provisions of section 9098, Revised Codes 1935, relating to change of place of trial upon disqualification of the resident judge.

This contention is not supported by the authorities. Sections 8868 and 9098 are companion measures and must be construed together. State ex rel. Wooster v. District Court et al., 58 Mont. 50, 190 Pac. 133. Before section 9098 becomes applicable the following events must have occurred: First, the disqualification of the resident judge; second, the calling in of another judge by the disqualified judge; third, the failure of the invited judge to appear and assume jurisdiction; fourth, a motion for a change of venue. If the invited judge fails to appear and assume jurisdiction within thirty days after the motion is filed, then an order for change of venue may be made.

Where, as here, the initial step, that of calling in another judge after disqualification, was never taken, the respondent court would be without authority to grant a motion for change of venue if presented. The respondent court's compliance with the provisions of section 8868 is a condition precedent .whereon depends the relevancy of section 9098. State ex rel. Wooster v. District Court, supra.

The respondent judge having failed to take the initial step

the relatrix has no "plain, speedy or adequate" remedy under section 9098.

Let the peremptory writ issue.

Mr. Chief Justice Adair, and Associate Justices Gibson, Angstman, and Metcalf, concur.

Rehearing denied November 22, 1947.