MONTANA L. WILLIAMS, as the Administratrix of the Estate of E. GERTRUDE PITKANEN VAN ORDEN, also sometimes known as GERTRUDE VAN ORDEN, also sometimes known as MRS. W. R. VAN ORDEN, also sometimes known as GERTRUDE DAVIS, deceased; MONTANA L. WILLIAMS, Individually; HALCIA VELVA HARVEY; JUNE NOEL PITKANEN; SUE ANN JACKELINI; and BENJAMIN FRANKLIN PITKANEN, Plaintiffs and Respondents, v. WIDOWS AND ORPHANS HOME, VETERANS OF FOREIGN WARS, of EATON RAPIDS, MICHIGAN, a foreign Corporation, if such Corporation there be; All Unknown Stockholders and/or Directors and/or Trustees of said Foreign Corporation, if such Corporation there be; Widows and Orphans Home, Veterans of Foreign Wars, of Eaton Rapids, Michigan, an Association, if such Association there be; All Unknown Members of such Association, if such Association there be, for themselves and all others similarly situated, whose Names are Unknown to the Plaintiffs; and All Other Persons Unknown, claiming, or who might claim, any right, title, estate or interest in, or lien or encumbrance upon the real property described in Plaintiffs' Complaint, or any thereof, adverse to Plaintiffs' ownership thereof, or any cloud upon Plaintiffs' title thereto, whether such claim, or possible claim, be present or contingent, including any claim or possible claim, of dower, inchoate or accrued, Defendants and Appellants.

No. 10265.
Submitted April 9, 1962. Decided April 25, 1962.
373 P.2d 948.

260

John W. Mahan (argued orally), and Thomas Mahan, Helena, for appellants.

H. D. Carmichael, David L. Holland (argued orally), Butte, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from the District Court of the Second Judicial District, in and for the County of Silver Bow and from a decree made by the Honorable T. E. Downey, one of the judges of that court on March 28, 1961. This judgment quieted title to a house and lot in Silver Bow County and the defendant was summarily denied the right to make any appearance.

The facts are briefly that on February 19, 1960, Gertrude P. Van Orden, a widow, executed a grant deed to the Widows and Orphans Home, Veterans of Foreign Wars of Eaton Rapids, Michigan. The deed was notarized as by law provided.

Gertrude P. Van Orden died intestate on April 19, 1960, and the deed in question was filed for record on May 31, 1960, and recorded in the book of deeds in Silver Bow County.

On May 6, 1960, Montana L. Williams was appointed admin-

istratrix of the estate of Gertrude P. Van Orden and she filed a quiet title action which included the land described in the grant deed on October 5, 1960. The affidavit for publication of summons is dated October 6, 1960, and recites on its face that its purpose is for procuring a ''decree of court to cancel, rescind and declare null and void a certain purported deed from Gertrude P. Van Orden to the Widows and Orphans Home, Veterans of Foreign Wars of Eaton Rapids, Michigan.''

On November 15, 1960, and within the time allowed by the statutes, John W. Mahan, Attorney in Helena, Montana, appeared by demurrer, as follows:

''Comes now the defendant, Veterans of Foreign Wars National Home, a Michigan corporation, and demurs to the complaint on file herein on the grounds and for the reason that the same fails to state a cause of action against the defendant, Veterans of Foreign Wars National Home, or at all.''

On November 22, 1960, a praecipe was filed for the default of all of the defendants named in the cause of action for failure to appear or answer. On the same day an entry of default judgment was made against the Widows and Orphans Home, Veterans of Foreign Wars of Eaton Rapids, Michigan, by the clerk of the District Court of Silver Bow County.

On November 28, 1960, an affidavit of disqualification was filed against the Honorable T. E. Downey, then the presiding judge by the defendant corporation.

On November 29, 1960, a motion was filed by the plaintiffs' attorneys to strike the affidavit of disqualification submitted to the court without argument and taken under advisement. The court on March 24, 1961, granted the motion to strike the affidavit of disqualification and overruled the demurrer without leave to further plead. On March 28, 1961, the court heard testimony and made and entered a decree quieting title to the property described in the complaint, which decree recites among other things that the defendant herein failed to demur, answer

or otherwise plead or appear in said action within the time allowed by law, and the decree further cancelled, rescinded, held null and void and no force and effect the deed dated February 19, 1960, wherein the deceased Gertrude P. Van Orden conveyed title to real property to the Widows and Orphans Home, Veterans of Foreign Wars, Eaton Rapids, Michigan, and gave title to the plaintiffs herein. From this decree quieting title and holding for naught the grant deed in question, the defendant has appealed.

There are three specifications of error relied upon: (1) That the District Court erred in striking the affidavit of disqualification filed in said cause by John W. Mahan, as attorney for the Veterans of Foreign Wars National Home; (2) that the District Court erred in striking the demurrer of the defendant and appellant, Veterans of Foreign Wars National Home, from the file; and (3) that the District Court erred in granting the decree of quiet title on the hereinbefore described real property in favor of the plaintiffs and respondents.

To quote in its entirety the affidavit of disqualification under section 93-901, R.C.M.1947, as amended, would unnecessarily lengthen this opinion but it is the opinion of this court that the Honorable T. E. Downey lost all jurisdiction of this cause on November 28, 1960, except as to the arrangement of the calendar and the power of calling in another district judge to sit and act in the proceedings. This disposes of the first specification of error. See State ex rel. Coleman v. District Court, 120 Mont. 372, 186 P.2d 91.

As to the second specification, section 93-3301, R.C.M.1947, states:

"*When defendant may demur.* The defendant may demur to the complaint within the time required in the summons to answer, when it appears upon the face thereof, either: * * *

"6. That the complaint does not state facts sufficient to constitute a cause of action * * *."

The defendant did appear in the action to answer the published summons and did demur to the said cause of action with particular reference to that part of the quiet title statute (R.C.M.1947, § 93-6204) "all persons, known or unknown, claiming, or who might claim, any right, title, estate, or interest in, or lien or encumbrance upon, the real property described in the complaint, or any thereof, adverse to plaintiff's ownership, or any cloud upon the plaintiff's title thereto, whether such claim or possible claim be present or contingent, including any claim or possible claim of dower, inchoate, or accrued."

It would appear that the scrivener of the deed made an error in misnaming the Widows and Orphans Home, Veterans of Foreign Wars, of Eaton Rapids, Michigan, whereas the specific legal name is "Veterans of Foreign Wars National Home, a Michigan Corporation". This misnomer is one of the reasons for this matter being before this court.

R.C.M.1947, § 93-2828, states:

"*When other parties must be brought in.* The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in, by the proper amendment."

If the plaintiffs were unaware of the existence of the Michigan Corporation which was the defendant herein, the plaintiffs should have asked for a continuance and framed pleadings to bring in the corporate defendant, or under this section bring them in by order of the Court. See Board of Railway Com'rs. v. Reed, 102 Mont. 382, 58 P.2d 271.

The Colorado Supreme Court in Mulvey v. San Juan Metals

Corporation, 102 Colo. 1, 7, 75 P.2d 1044, 1046, was confronted with nearly the identical situation. That court speaking:

"* * * One of the grounds for striking defendant's answer was that he was not a party. If he appeared in response to the published summons, he at once became a party as named and designated by the Code. It speaks of such persons in no other terms than as those who may be thus made parties to such actions. Regardless of what Mulvey's status might have been technically termed, he was a person before the court claiming an interest. *He was not required to obtain leave to defend; he was summoned for that purpose.* A summons was published, directed as much to him, if he appeared, as though he had been named therein. The command of the summons was that he appear and defend or judgment would be taken against him as on default. When defendant appeared and did the thing required, and as summoned, plaintiff, who was seeking to have all such interests as defendant claimed adjudicated, at the same time contended that he had no right to appear and answer, but was required to do something different or follow some other procedure. The glaring inconsistency of plaintiff's position defeats the sincerity of its intentions." Emphasis supplied.

It was error to strike the demurrer and the contention by the plaintiffs that the defendant is required to intervene is not well-taken in law.

The trial judge was without jurisdiction after the filing of the affidavit of disqualification and the judgment is reversed and the cause remanded to the District Court with directions to call in another judge to assume jurisdiction.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.